IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


KIMERIE LARMANGER,                          3:11-CV-89-BR

          Plaintiff,

                                            OPINION AND ORDER

v.

KAISER FOUNDATION HEALTH PLAN
OF THE NORTHWEST dba KAISER
PERMANENTE; KAISER FOUNDATION
HEALTH PLAN, INC.; JUSTIN
McGOWAN; SHAWN FERGUSON;
CHRIS KITCHEL; and RYAN
GIBSON,

          Defendants.


DANIEL K. LEROUX
MATTHEW C. LACKEY
Portland Civil Law, LLC
610 S.W. Broadway, Suite 510
Portland, OR 97205
(503) 972-2183

          Attorneys for Plaintiff


1 - OPINION AND ORDER

**CAROL J. BERNICK**
**CAROL A. NOONAN**
Davis Wright Tremaine, LLP
1300 SW Fifth Avenue
Suite 2300
Portland, OR 97201-5630
503 778-5381

       Attorneys for Defendants Kaiser Foundation Health Plan
       of the Northwest; Kaiser Foundation Health Plan, Inc.;
       Justin McGowan; and Shawn Ferguson

**STEPHEN C. VOORHEES**
Kilmer Voorhees & Laurick, PC
732 N.W. 19th Avenue
Portland, OR 97209
(503) 224-0055

       Attorneys for Defendants Chris Kitchel and Ryan Gibson

**BROWN, Judge.**

    This matter comes before the Court on the Motion (#10) to
Dismiss of Defendants Chris Kitchel and Ryan Gibson.  For the
reasons that follow, the Court **GRANTS** Defendants' Motion.


<u>**BACKGROUND**</u>

    The following facts are taken from Plaintiff's First Amended
Complaint:

    In 1989 Defendant Kaiser Foundation Health Plan of the
Northwest, which is fully owned and controlled by Defendant
Kaiser Foundation Health Plan, Inc. (collectively referred to as
Kaiser), hired Plaintiff Kimerie Larmanger.  During the time
pertinent to this case, Plaintiff was a Patient Care Manager.

2 - OPINION AND ORDER

In October 2008 Plaintiff reported a subordinate employee to Kaiser "management/compliance" for committing time-card fraud. "Near the same time," Plaintiff reported a different employee for committing violations of the Health Insurance Portability and Accountability Act (HIPPA).  After an investigation, Plaintiff alleges Kaiser fired both of the individuals reported by Plaintiff over the objection of Defendant Shawn Ferguson, a manager in Kaiser's Human Resources Department.

According to Plaintiff, after the employees were fired, Kaiser began "a campaign of retaliation against [her] instigated by Ferguson and aided by other Defendants . . . with the intention of 'documenting out' Plaintiff from employment which eventually included 'stacking' her employment file with documents purporting to reflect her performance."

Plaintiff alleges she reported the retaliation and harassment to a number of Kaiser managers and to the Kaiser complaint hotline several times, but the alleged retaliation and harassment by Ferguson and Defendant Justin McGowan continued.

On November 13, 2009, Ferguson and McGowan placed Plaintiff on a "Corrective Action" disciplinary plan.

On December 3, 2009, Plaintiff met with Defendants Chris Kitchel and Ryan Gibson, attorneys employed by the law firm of Stoel Rives, "regarding a civil action in which they were representing KAISER brought by . . . the same employee that

Plaintiff had reported for time card fraud."  During the meeting Kitchel "asked what Plaintiff had been through regarding the incident involving the former employee."  Plaintiff "relayed the details of the investigation that ensued" and the alleged retaliation she had experienced from Ferguson, McGowan "and others."

On January 20, 2010, Plaintiff met again with Kitchel and Gibson "to prepare for [Plaintiff's] deposition" in the action filed by the employee terminated for time-card fraud.

On January 21, 2010, Plaintiff was deposed in the matter of the employee terminated for time-card fraud.  Kitchel and Gibson appeared at deposition on behalf of Kaiser.

Also on January 21, 2010, Plaintiff submitted a Leave of Absence-Medical Leave Request form seeking intermittent medical leave due to migraine headaches.  On February 1, 2010, Plaintiff faxed a medical certification to Kaiser to support her request for intermittent medical leave.

On February 8, 2010, Plaintiff was terminated by Kaiser "at the behest of McGowan aided by Ferguson."

On May 4, 2010, Gibson contacted Plaintiff regarding "the deposition of a former employee that had filed a civil action against KAISER, the same employee that Plaintiff had reported for HIPPA violations."  Gibson advised Plaintiff that he and Kitchel "wanted to prepare Plaintiff for the deposition."

4 - OPINION AND ORDER

Throughout May 2010 Gibson attempted to communicate with Plaintiff several times "regarding representation in the deposition."  Plaintiff, however, did not "directly respond" to Gibson.  Although it is not clear from the First Amended Complaint, Plaintiff advised the Court at oral argument that she was not deposed in the matter of the employee terminated for HIPPA violations.

On January 24, 2011, Plaintiff filed an action in this Court against Kaiser, McGowan, Ferguson, Kitchel, and Gibson in which Plaintiff brought claims against Kaiser for (1) violation of the Family Medial Leave Act (FMLA), 29 U.S.C. § 2601, *et seq.;* (2) violation of the Oregon Family Leave Act (OFLA), Or. Rev. Stat. § 659A.150, *et seq.;* (3) disability discrimination in violation of Or. Rev. Stat. § 659A.109 and/or § 659A.112; (4) violation of whistle-blower protection under Or. Rev. Stat. § 659A.199, (5) violation of whistleblower protection under Or. Rev. Stat. § 659A.230, (6) retaliation for opposing unlawful discrimination in violation of Or. Rev. Stat. § 659A.030(1)(f); (7) failure to pay back-wages in violation of Or. Rev. Stat. § 659A.140; and (8) wrongful discharge.  Plaintiff also brought a claim against McGowan, Ferguson, Kitchel, and Gibson for aiding and abetting discrimination in violation of Or. Rev. Stat. § 659A.010(1)(g) and a claim against Kitchel and Gibson for breach of fiduciary duty.

On February 22, 2011, Plaintiff filed a First Amended Complaint to include additional facts to support all of her claims.

On March 14, 2011, Defendants Kitchel and Gibson filed a Motion to Dismiss [Plaintiff's First] Amended Complaint.

On June 1, 2011, the Court heard oral argument on Defendants' Motion to Dismiss.

## STANDARDS

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic v. Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556 . . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). *See also Bell Atlantic v. Twombly*, 550 U.S. 554, 555-56 (2007). The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff. *Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1050 n.2 (9th Cir. 2007).

## DISCUSSION

6 - OPINION AND ORDER

As noted, Plaintiff brings claims against Kitchel and Gibson in her First Amended Complaint for aiding and abetting discrimination in violation of Or. Rev. Stat. § 659A.010(1)(g) and breach of fiduciary duty.

Kitchel and Gibson move to dismiss Plaintiff's claims on the grounds that (1) Kitchel and Gibson are privileged as to any liability for "aiding and abetting" as a matter of law, (2) they are not liable under § 659A.030(1)(g) because they are neither Plaintiff's employer nor employees of Kaiser, (3) Plaintiff fails to allege facts sufficient to support a claim for aiding and abetting, (4) Kitchel and Gibson did not have any fiduciary duty to Plaintiff, and (5) Plaintiff has not stated any fact that establishes injury from any alleged breach of fiduciary duty.

## I.  Privilege

Kitchel and Gibson assert "[a]lmost all of plaintiff's allegations regarding the Stoel Rives defendants rely on communications that are privileged on their face."  According to Kitchel and Gibson, Plaintiff's allegations cannot form the basis for a viable claim for relief because evidence of privileged communications cannot be admitted to establish such a claim.

"The party asserting the attorney-client privilege has the burden of establishing the relationship and privileged nature of the communication." *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011).  Kitchel and Gibson, however, fail to identify

any specific fact or allegation in the First Amended Complaint that they contend is privileged.  Plaintiff asserts such a blanket assertion of privilege is not sufficient to establish the privilege exists, and it is "unfair, inefficient, and unnecessary for Defendants to require Plaintiff's counsel and the Court to review the [First Amended Complaint] and guess which allegations Defendants contend are privileged."  The Court agrees.

The Court noted at oral argument that it is the burden of Kitchel and Gibson as the individuals asserting the privilege to establish the privileged nature of the communication.  The Court also concluded on this record that Kitchel and Gibson have not identified any specific facts or allegations in Plaintiff's First Amended Complaint that they contend are privileged nor have they provided any legal analysis as to the particular facts or allegations that purportedly fall under that privilege.

Accordingly, and for the reasons noted on the record at oral argument, the Court declines to grant the Motion to Dismiss Plaintiff's claims against Kitchel and Gibson on the ground of privilege.

## II.  Plaintiff's claim for aiding and abetting in violation of Oregon Revised Statute § 659A.030(1)(g).

In Plaintiff's First Amended Complaint, she alleges a claim against Kitchel and Gibson for aiding and abetting discrimination in violation of Oregon Revised Statute § 659A.030(1)(g) as follows:

8 - OPINION AND ORDER

98.  Plaintiff restates and incorporates by
reference paragraphs 1-62, inclusive, and
paragraphs 114-118, inclusive, as though fully set
forth herein.

99.  Defendants participated in and provided
substantial assistance to Defendants KAISER and
each other in ongoing discrimination, retaliation,
and harassment of Plaintiff at the work place as
described above.  Defendants KITCHEL and GIBSON
owed separate duties to Plaintiff arising out of
their roles as attorneys, which were separate from
the duties they owed to Defendant KAISER.  The
substantial assistance provided by Defendants
KITCHEL and GIBSON to Defendant KAISER was in
breach of the separate duties owed to Plaintiff.

100. Defendants violated Oregon Revised
Statute 659A.030(1)(g) by aiding Defendants KAISER
and each other in efforts to perpetuate ongoing
discrimination, retaliation, and harassment
against Plaintiff resulting in, inter alia, the
termination of Plaintiff.

Oregon Revised Statute § 659A.030(1)(g) provides in

pertinent part:  "It is an unlawful employment practice: . . .

For any person, *whether an employer or an employee*, to aid, abet,

incite, compel or coerce the doing of any of the acts forbidden

under this chapter or to attempt to do so."  Emphasis added.

Defendants contend this action cannot proceed against them

for aiding and abetting under Oregon Revised Statute

§ 659A.030(1)(g) as a matter of law because that provision

applies only to employers and employees and not an employer's

legal counsel.  Plaintiff, in turn,  contends § 659A.030(1)(g)

should be interpreted broadly to include legal counsel in this

matter.

9 - OPINION AND ORDER

Both parties agree *Duke v. F.M.C. Construction Services*, 739 F. Supp. 2d 1296 (D. Or. 2010), is the only case to date that addresses whether a party that is neither an employer nor an employee can be held liable for aiding and abetting under § 659A.030(1)(g).

In *Duke* the plaintiff was employed by defendant F.M.C., who contracted with defendant Horizon to construct a wind turbine at the Rattlesnake Road Project.  Horizon had "a very regimented safety program" that included rules about driving on the Rattlesnake Road Project.  On June 2, 2008, the plaintiff drove off the road on the Rattlesnake Road Project and into an open field.  The following day, Horizon informed F.M.C. that it had revoked the plaintiff's driving privileges on the Rattlesnake Road Project for breaking the site safety rules.  F.M.C. then terminated the plaintiff's employment.  *Id.* at 1300-01.  The plaintiff brought an action alleging, among other things, that Horizon violated Oregon Revised Statute § 659A.030(1)(g) because "defendants acted in concert with one another and gave substantial assistance to one another for the purposes of firing [the plaintiff]."  *Id.* at 1305.

Horizon asserted it could not be held liable under § 659A.030(1)(g) because that provision on its face regulates only "the conduct of those working for the plaintiff's own employer" rather than independent contractors such as Horizon.

10 - OPINION AND ORDER

The plaintiff, however, asserted the provision was ambiguous "because it is inclusive as to third parties ('any person') rather than restrictive as to third parties ('whether an employer or employee')." *Id*. at 1306.

After reviewing Oregon's rules of statutory construction, Magistrate Judge Patricia Sullivan concluded Horizon's analysis and interpretation of § 659A.030(1)(g) was "sound." *Id*. Magistrate Judge Sullivan concluded the phrase "whether an employer or an employee" modifying "any person" distinguished "subsection (1)(g) from ORS 659A.030(1)(a) and (1)(b), which apply only to employers.  Subsection (1)(g) [also] subjects individuals [employees] (co-workers, supervisors) who aid and abet plaintiff's employer to liability." *Id*.  Because Horizon was not the plaintiff's employer for purposes of the plaintiff's state-law claims, Magistrate Judge Sullivan concluded Horizon could not be liable to the plaintiff under § 659A.030(1)(g).  *Id*.

Plaintiff contends the court's analysis in *Duke* fails to address the effects of its decision "on Chapter 659A as a whole," and it lacks substantive analysis of both the history and context of Chapter 659A.  Plaintiff notes Chapter 659A contains an expansive definition of "employee" in the definitions section, but specific sections of Chapter 659A contain more constrained definitions of employee.  According to Plaintiff, therefore,

> some sections of Chapter 659A . . . would allow
> for aiding and abetting claims against virtually

any agent of an employer, while other sections
would not.  Requiring the Court to revisit the
issue each time a claim for aiding and abetting
under ORS 659A.030(1)(g) is brought in conjunction
with a particular section of the chapter
prohibiting unlawful employment practices.  Such
an organizational mess goes against the
Legislative intent in creating Chapter 659A in
2001 to provide for better organization of such
claims.

When construing a statute under Oregon law, a court may not
"insert what has been omitted or . . . omit what has been
inserted."  Oregon Revised Statute § 174.010.  Plaintiff's
suggested construction would require the Court to omit the phrase
"whether an employer or an employee" from Oregon Revised Statute
§ 659A.030(1)(g).

In addition, the fact that other sections of Chapter 659A
contain different definitions of "employee," some of which
specifically include independent contractors, reflects the Oregon
Legislature has in those instances defined individuals and
entities against whom a plaintiff may bring a claim under Chapter
659A more broadly than defined in § 659A.030(1)(g).  In other
words, if the Oregon Legislature had intended § 659A.030(1)(g) to
apply against "any person" without exception, it would not have
included the phrase "whether an employer or an employee."  Even
though the Legislature may use different definitions of
"employee" in different sections of Chapter 659A, courts are able
to analyze both the underlying statutory provisions and the
aiding-and- abetting provision together to determine whether an

12 - OPINION AND ORDER

aiding-and- abetting claim is allowed against a particular individual or class of individuals under different provisions of Chapter 659A.

Although the Court concludes § 659A.030(1)(g) is clear and unambiguous on its face, and, therefore, the Court need not examine its legislative history, the Court notes that history does not support Plaintiff's position. As Defendants point out, the aiding-and-abetting provision of Chapter 659 originally applied to "any person, whether an employer or an employee, *or not*." Or. Laws 1949, ch. 221, § 5(5)(emphasis added). In 1953 the Oregon Legislature amended the provision and removed "or not" leaving the provision in its current form. *Former* Or. Rev. Stat. § 659.030(5)(1953). The removal of "or not" obviously suggests the Oregon Legislature intended to narrow the class of individuals and/or entities against whom an individual could bring a claim for aiding or abetting discrimination to employers and employees.

The Court concludes on this record that § 659A.030(1)(g) does not permit a claim for aiding and abetting against Kitchel and Gibson because they were neither Plaintiff's employer nor employees of Kaiser. Accordingly, the Court grants their Motion to Dismiss as to Plaintiff's claim against them for aiding and abetting discrimination in violation of § 659A.030(1)(g).

**III. Plaintiff's claim for breach of fiduciary duty.**

Plaintiff also brings a claim against Kitchel and Gibson for breach of fiduciary duty.  Kitchel and Gibson move to dismiss that claim on the ground that Plaintiff fails to allege facts sufficient to establish Kitchel and Gibson owed her any fiduciary duty.

In her First Amended Complaint, Plaintiff makes the following allegations regarding legal representation by Kitchel and Gibson:

> 27.  On or about December 3, 2009, Plaintiff met with KITCHEL and her associate, GIBSON, from Stoel Rives, LLP regarding a civil action in which they were representing KAISER brought by a former employee . . . .
>
> * * *
>
> 41.  On or about January 20, 2010, Plaintiff again met with KITCHEL and GIBSON to prepare for her deposition in same matter of the same former employee that filed a civil action against KAISER which Plaintiff had reported for time card fraud resulting in the former employee's termination . . . .  Again, although both attorneys owed a duty to Plaintiff to inform her of potential conflicts of interest and the scope of their representation, neither KITCHEL nor GIBSON informed Plaintiff of the potential conflicts of interest involved in their representation of KAISER and their representation of Plaintiff in the upcoming deposition.
>
> * * *
>
> 43.  On or about January 21, 2010, Plaintiff's deposition was taken in the former employee's civil action.  Plaintiff was represented at the deposition by KITCHEL.
>
> * * *

114. Defendants had a fiduciary duty, in their
special relationship with Plaintiff as her
representative in a civil deposition, to inform
Plaintiff of potential conflicts of interest that
existed between KAISER and Plaintiff regarding
Defendants' representation of Plaintiff in a civil
deposition in litigation which they were
representing KAISER.

Kitchel and Gibson contend they were representing Kaiser
rather than Plaintiff at the depositions, and the allegations in
Plaintiff's First Amended Complaint do not establish they acted
as Plaintiff's counsel at any time.

In *Tinn v. EMM Labs, Inc*., 556 F. Supp. 2d 1191 (D. Or.
2008), Magistrate Judge John Acosta addressed the issue of when
an attorney-client relationship may be formed under Oregon law.
The court noted under Oregon law

there need not be an express written or oral
contract[, . . .] an attorney-client relationship
can be inferred by the conduct of the parties.
*Kidney Ass'n of Oregon v. Ferguson,* 315 Or. 135,
146, 843 P.2d 442(1992).  Similarly, there need
not be payment of fees to establish the existence
of an attorney-client relationship.  *Id.*  In
Oregon, an implied attorney-client relationship is
established where "the putative client [holds] a
subjective belief that the relationships exists,
coupled with an objectively reasonable basis for
the belief."  *Admiral Ins. Co. v. Mason, Bruce &
Girard, Inc*., 2002 WL 31972159, *1 (D. Or. Dec. 5,
2002)(citing *In re Wittemyer*, 328 Or. 448, 456,
980 P.2d 148 (1999)).  The lawyer's subjective
understanding is irrelevant and the objectively
reasonable basis is evaluated in light of the
attorney's conduct.  *Id.* at *1-*2, 980 P.2d 148.
"The evidence must show that the lawyer understood
or should have understood that the relationship
existed, or acted as though the lawyer was
providing professional assistance or advice on
behalf of the putative client."  *In re Weidner*,

15 - OPINION AND ORDER

> 310 Or. 757, 770, 801 P.2d 828 (1990). In sum,
> having established a subjective belief, the
> putative client must also show through objective
> evidence that the lawyer gave him or her a
> reasonable basis upon which to base this
> subjective belief.

*Id.* at 1192-93.

To support their assertion that they did not represent Plaintiff, Kitchel and Gibson rely on Formal Opinion 2005-85 in which the Oregon State Bar noted:

> A lawyer who represents an entity, such as a
> corporation or partnership, generally represents
> that entity only and not its employees,
> shareholders, or owners.  *See* Oregon RPC 1.13(a),
> which provides that "[a] lawyer employed or
> retained by an organization represents the
> organization acting through its duly authorized
> constituents."  *See also In re Weidner*, 310 Or
> 757, 801 P2d 828 (1990), and OSB Formal Ethics Op
> No 2005-46, in which we noted that the modern test
> for the presence or absence of a lawyer-client
> relationship is, in essence, the reasonable
> expectations test.

Plaintiff does not cite any Oregon case to support her contention that Kitchel and Gibson represented her under the circumstances of this case.  The Court asked Plaintiff at oral argument to identify facts in the First Amended Complaint that would support the inference that Plaintiff reasonably believed Kitchel and Gibson represented her.  Plaintiff advised the Court that she is relying on paragraphs 41 and 114.  The Court, however, noted Plaintiff's First Amended Complaint does not contain any allegation that Plaintiff subjectively believed Kitchel and Gibson represented her nor does Plaintiff state any

16 - OPINION AND ORDER

facts that provide the basis for an objectively reasonable belief that Kitchel and Gibson were acting as Plaintiff's counsel or owed any duty - fiduciary or otherwise - towards Plaintiff at any time.  Thus, the Court concludes on this record that Plaintiff has not pled facts in her First Amended Complaint that are sufficient to establish Kitchel and Gibson represented Plaintiff or had any fiduciary duty as to Plaintiff, and, therefore, the Court grants Kitchel and Gibson's Motion to Dismiss as to Plaintiff's claim against them for breach of fiduciary duty.

Plaintiff's counsel, however, represented at oral argument that Plaintiff has a good-faith factual basis to plead a claim for breach of fiduciary duty against Kitchel and Gibson.  The Court, therefore, grants Plaintiff leave to amend her First Amended Complaint no later than **August 16, 2011,** for the purpose of pleading sufficient facts to cure the deficiencies of Plaintiff's claim for breach of fiduciary duty against Kitchel and Gibson.

<u>CONCLUSION</u>

For these reasons, the Court **GRANTS** the Motion (#10) to Dismiss of Defendants Chris Kitchel and Ryan Gibson and **DISMISSES with prejudice** Plaintiff's claim against these Defendants for aiding and abetting discrimination in violation of Oregon Revised Statute § 659A.030(1)(g).  The Court, however, **GRANTS** Plaintiff

17 - OPINION AND ORDER

leave to amend her First Amended Complaint no later than

**August 16, 2011,** only as to her claim against these Defendants

for breach of fiduciary duty.

      IT IS SO ORDERED.

      DATED this 26th day of July, 2011.


                        /s/ Anna J. Brown

                        _____
                        ANNA J. BROWN
                        United States District Judge

18 - OPINION AND ORDER